UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERLES MALDONADO, SANTOS VELASQUEZ,
and ERLIN MEJIA, individually and on behalf of all
others similarly situated,

                                 Plaintiffs,

    -against-

PARMAGIANNI ENTERPRISES LLC, and JOHN
EVANGELISTA, as an individual,

                                 Defendants.
-------------------------------------------------------------------X

Civil Case No.: 19-cv-3150
(ARR)(LB)

**PROPOSED JOINT
PRE-TRIAL ORDER**

Pursuant to the Court's June 22, 2021 Order, the parties, having conferred among themselves, respectfully submit the following statements, directions and agreements as their proposed joint pretrial materials adopted herein in accordance with the Court's Individual Rules and Practices.

1.       Full Caption of this Action.

ERLES MALDONADO, SANTOS VELASQUEZ, and ERLIN MEJIA, individually and on behalf of all others similarly situated, Plaintiffs, *against*, PARMAGIANNI ENTERPRISES LLC, and JOHN EVANGELISTA, as an individual, Defendants. (Civil Docket No.: 19-cv-3150 (ARR)(LB))

2.       Trial Counsel.

For Plaintiffs:
Roman Avshalumov, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Tel.: (718) 263-9591
Fax : (718) 263-9599
Email: avshalumovr@yahoo.com

For Defendants:
Laurence I. Cohen, Esq.
Tuch & Cohen LLP
1025 Old Country Road, Suite 411
Westbury, New York 11710Tel.: (516) 783-0062
Fax: (516) 783-0082
Email: lcohen@tuchandcohen.com

| | |
|---|---|
| James O'Donnell, Esq. | Kenneth R. Tuch, Esq. |
| Helen F. Dalton & Associates, P.C. | Tuch & Cohen LLP |
| 80-02 Kew Gardens Road, Suite 601 | 1025 Old Country Road, Suite 411 |
| Kew Gardens, New York 11415 | Westbury, New York 11710 |
| Tel.: (718) 263-9591 | Tel: (516) 783-0062 |
| Fax : (718) 263-9599 | Fax: (516) 783-0082 |
| Email: jamespodonnell86@gmail.com | Email: ktuch@tuchandcohen.com |

3. <u>Jurisdiction.</u>

This Court has subject matter jurisdiction over Plaintiffs' claims arising under federal law pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred within this judicial district; Plaintiffs' claims in this matter arise out of the Plaintiffs' employment at PARMAGIANNI ENTERPRISES LLC, located at 212 North Long Beach Road, Rockville Centre, New York 11570.

4. <u>Jury or bench trial.</u>

Plaintiffs request that this case be tried with a jury. Plaintiffs anticipate that the trial by jury shall take approximately two (2) to three (3) to days.

5. <u>Consent to trial by a magistrate judge.</u>

The parties do not consent to a trial by a magistrate judge.

6. <u>Trial memorandum.</u>

<u>Plaintiffs' Memorandum</u>:

Plaintiffs bring this action alleging that during their employment by Defendants, they were not paid proper overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs further allege that they were not paid spread of hours compensation pursuant to NYLL and were not provided written notices of their rates of pay and wage statements also in violation of the NYLL.

ERLES MALDONADO worked approximately twelve (12) hours per day, five (5) or six (6) days per week, for a total of approximately sixty-six (66) hours per week from in or around August 2013 until in or around March 2019. SANTOS VELASQUEZ worked approximately twelve (12) hours per day, six (6) days per week, for a total of approximately seventy-two (72) hours per week from in or around August 2014 until in or around March 2019. ERLIN MEJIA worked approximately twelve (12) hours per day, six (6) days per week, for a total of approximately seventy-two (72) hours

per week from in or around December 2018 until in or around March 2019. Plaintiffs allege that, despite regularly working in excess of 40 hours per week, they were paid a flat weekly salary that did not properly compensate them for their overtime hours worked.

i. **Unpaid Overtime Wages under the Fair Labor Standards Act:** Defendants willfully failed to pay Plaintiffs' overtime wages for their hours worked in excess of forty (40) per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled per 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

ii. **Unpaid Overtime Wages under New York Labor Law:** Defendants failed to pay Plaintiffs' overtime wages for their hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652.

*Analysis***:** Plaintiffs were each improperly paid flat weekly salaries without regard for the number of hours they worked during that week. In these circumstances, "[t]he FLSA and the NYLL carry a rebuttable presumption that a weekly salary covers only the first forty hours, unless the parties had an alternate agreement." *Pinovi v. FDD Enterprises, Inc.,* No. 13-CV-2800, 2015 U.S. Dist. LEXIS 89154, 2015 WL 4126872, at *4 (S.D.N.Y. July 8, 2015) (collecting cases); *Perez v. Platinum Plaza 400 Cleaners, Inc.*, No. 12 Civ. 9353 (PAC), 2015 U.S. Dist. LEXIS 54066, 2015 WL 1881080, at *2 (S.D.N.Y. Apr. 24, 2015) ("Defendants have not overcome the presumption that a flat weekly salary is intended to compensate employees for forty hours of work per week."); *Amaya v. Superior Tile & Granite Corp.*, 10 Civ. 4525 (PGG), 2012 U.S. Dist. LEXIS 5246, 2012 WL 130425, at *9 (S.D.N.Y. Jan. 17, 2012) ("An agreement for a fixed weekly salary for more than 40 hours of work per week only complies with the FLSA and Labor Law if there is an explicit understanding between the employer and employee as to regular and overtime [*12] rates."); *Giles v. City of N.Y.*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999) ("Unless the contracting parties intend and understand the weekly salary to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premium for workers regularly logging overtime, but instead hold that weekly salary covers only the first 40 hours.") (citations omitted).

As Plaintiffs' flat weekly salaries covered only their first 40 hours worked, Plaintiffs are thus owed time and a half (1.5) of their regular hourly rates of pay each hour of overtime worked – not just a half time rate of their regular hourly rates of pay (.5) – pursuant to N.Y.'s Hospitality Wage Order (12 N.Y.C.R.R. § 146-1.4).

iii. **Spread of Hours Compensation Under New York Labor Law:** Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. NYLL §§ 650, *et. seq*.

*Analysis***:** Each Plaintiff regularly worked greater than 10 hours per day, for five (5) or six (6) days per week, and as such, are owed 1 additional such hour of pay at the applicable minimum wage rate for each such shift. 12 N.Y. C. R. R. § 146-1.6.

3

**iv.** **Violations of the Notice and Recordkeeping Requirements of the New York Labor Law:** Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

*Analysis*: Plaintiffs were not provided any statutorily-required notices by any of the Defendants throughout their employment.

**v.** **Violation of the Wage Statement Requirements of the New York Labor Law:** Defendants failed to provide the Plaintiffs with wage statements upon each payment of their wages, as required by NYLL §195(3).

*Analysis*: Plaintiffs were paid in cash (and/or by personal check) and were not provided accurate and complete wage statements by Defendants. Thus, Defendants owe Plaintiffs damages resulting from Defendants' willful violations of the NYLL's notice and recordkeeping (and posting) requirements. *See* 12 N.Y.C.R.R. §§ 146-2.1; 146-2.3; 146-2.3; 146-2.4, *et. seq.*

**vi.** **Liquidated Damages:** Under the FLSA, employers found liable for unpaid wages are also liable for "an additional equal amount as liquidated damages," 29 U.S.C. § 216(b), unless they can demonstrate that they "acted in good faith." *Perez v Platinum Plaza 400 Cleaners, Inc.*, 2015 US Dist LEXIS 54066, at *7 (SDNY Apr. 24, 2015) citing *Barfield v. N.Y. City Health and Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008). "To establish good faith, the employer 'must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Barfield v. N.Y.C. Health and Hasps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (internal citations and quotation marks omitted). Similarly, pursuant to the NYLL, "the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to 100% of the total amount of the wages found to be due. . ." NYLL § 198.

*Analysis*: Here, Defendants have not demonstrated the existence of good faith; nor has the employer proved that it took active steps to ascertain their obligations under the FLSA and NYLL, and then took actions to comply with them. The Defendants have offered no evidence to establish a good faith basis for their failure to pay the above wages. Accordingly, Plaintiffs are entitled to liquidated damages in an additional amount equal to their unpaid wages. *Jin v Pac. Buffet House, Inc.,* 2009 US Dist LEXIS 74901, at *18 (EDNY Aug. 24, 2009, No. CV-06-579 (VVP)).

Defendants' Memorandum:

Plaintiffs are former employees of Parmagianni Enterprises LLC ("Parmagianni"), which is engaged in the business of operating an Italian restaurant in Rockville Centre, New York. Throughout the course of Plaintiffs' employment with Parmagianni, Plaintiffs were paid minimum

wage plus time and one-half for hours worked in excess of 40 hours per week. Maldonado was paid half of his earnings by check and the balance in cash. Velasquez and Mejia were paid their earnings in cash. Plaintiffs generally worked a set number of hours, inclusive of an unpaid 1 hour break. Defendants deny there has been a failure to pay overtime as claimed, and that spread of hours compensation is owed for every week worked.

A plaintiff advancing claims under the FLSA generally bears the burden of demonstrating the number of hours that he worked. *See Kim v. Kum Gang, Inc.*, No. 12 Civ. 6344 (MHD), 2015 WL 2222438, at *23 (S.D.N.Y. Mar. 19, 2015). Where an employer's records of wages and hours is determined to be inadequate (and Defendants dispute that is the case), a plaintiff "need only prove that [he] performed work for which [he was] not properly compensated and produce 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.' " *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997)(*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Under such circumstances, a plaintiff may meet his burden of proof by testifying as to his own recollection. *See, Anderson*, 328 U.S. at 687-88; *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) ("It is well settled among the district courts of this Circuit, and we agree, that it is possible for a plaintiff to meet this burden through estimates based on his own recollection."). Thereafter, the burden shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Reich,* 121 F.3d at 69 (*quoting Anderson*, 328 U.S. at 687-88). Although a plaintiff's testimony regarding his recollection alone may be sufficient to establish a rebuttable presumption that he worked certain hours for which he was not compensated, such testimony only establishes such a presumption if the testimony is credible. *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 88–89 (2d Cir.2003) (testimony that plaintiffs "'usually' worked' certain hours and did not know if they worked all Saturdays was "only speculation to establish what hours these plaintiffs worked"); *Daniels v. 1710 Realty LLC*, 11 Civ. 3674, 497 Fed. Appx. 137 (2d Cir. 2012) (affirming determination of district court that plaintiff failed to meet his burden under Anderson as the evidence presented was not credible); *Haifeng Xie v Sakura Kai I Inc.*, 17-CV-7509 (ILG)(JO), 2019 WL 1568756, at *4 (EDNY Apr. 11, 2019)("If the Court finds the plaintiff's testimony to be incredible, then it may simply decide that the plaintiff failed to carry his initial burden of proof"). Plaintiffs herein have given deposition testimony that is at odds with the allegations contained within their Complaint, and that calls into question whether they will be able to credibly establish at trial the days and hours they worked.

7. <u>Proposed findings of fact and conclusions of law.</u>

Not applicable.

8. <u>Damages and relief.</u>

*See* attached Exhibit 1 – Plaintiffs' Damage Calculations.

9. <u>Stipulations or statements of fact or law to which the parties have agreed.</u>

1. Plaintiff Earles Maldonado was an employee of Defendant Parmagianni.

2. Plaintiff Santos Velasquez was an employee of Defendant Parmagianni.

3. Plaintiff Erlin Mejia was an employee of Defendant Parmagianni.

4. Defendant Parmagianni is an FLSA employer.

5. Plaintiff Earles Maldonado was employed by Defendant Parmagianni during the period August 2014 through March 2019.

6. Plaintiff Santos Velasquez was employed by Defendant Parmagianni during the period August 2014 through March 2019.

7. Plaintiff Erlin Mejia was employed by Defendant Parmagianni during the period January 2019 through March 2019.

8. Plaintiffs Santos Velasquez and Erlin Mejia were paid cash wages; plaintiff Earles Maldonado was paid a combination of cash and check.

9. Plaintiffs did not receive a wage notice in writing at the beginning of their employment or upon a change in payment rates.

10. Plaintiffs Santos Velasquez and Erlin Mejia did not receive NYLL 195 wage statements.

## 10. Witnesses.

In their case in chief at trial, Plaintiffs intend to call:

| Name | Testimony |
| --- | --- |
| Earles Maldonado | Plaintiff will testify about his employment by the Defendants, his job duties, the dates of his employment, his hours worked, and his pay received. |
| Santos Velasquez | Plaintiff will testify about his employment by the Defendants, his job duties, the dates of his employment, his hours worked, and his pay received. |
| Erlin Mejia | Plaintiff will testify about his employment by the Defendants, his job duties, the dates of his employment, his hours worked, and his pay received. |

Each of the above-referenced witnesses are expected to provide their testimony in person or by remote trial means and will require the services of a Spanish-English interpreter where applicable. Plaintiffs do not intend to utilize an expert witness at this time.

In their case in chief, Defendants plan to call:

| Name | Testimony |
| --- | --- |
| John Evangelista | Mr. Evangelista is knowledgeable with respect to Plaintiffs' work schedules, duties, compensation, and defendants' pay and record keeping practices. |
| Eric Denegri | Mr. Denegri is knowledgeable with respect to Plaintiffs' work schedules, duties, compensation, and defendants' pay and record keeping practices. |

Plaintiffs object to Eric Denegri testifying at trial as he was not properly identified as a witness in Defendants' Rule 26(a)(1) Initial Disclosures dated February 28, 2020.

## 11. Deposition Testimony.

Defendant John Evangelista's October 20, 2020 EBT Transcript

Plaintiff Earles Maldonado's October 13, 2020 Transcript:

1. T. 36:15-23; T. 42:3-8 (testimony regarding date of hire);

2. T:43:6–10 (testimony regarding earnings);

3. T. 44:20-24; 56:13-23 (testimony regarding hours worked);

4. T. 52:13-19 (testimony regarding days worked per week);

5. T. 57:4-6 (testimony regarding date of separation).

Plaintiff Santos Velasquez's September 16, 2020 Transcript:

1. T. 27:21-25 (testimony regarding date of hire);

2. T. 28:2-6 (testimony regarding date of separation);

3. T. 32:22–33:6 (testimony regarding days worked per week);

4. T. 33:7-10 (testimony regarding hours worked);

5. T. 33:11–34:21 (testimony regarding earnings);

6. T. 41:3–42:18 (testimony regarding vacations, illness and other absences)

Plaintiff Erlin Mejia's September 25, 2020 Transcript:

1. T. 30:25-31:6 (testimony regarding dates of employment);

2. T. 40:12-41:19; 47:11-19 (testimony regarding days worked and earnings)

12. Proposed Exhibits.[1]

Plaintiffs' Proposed Exhibits:

| Designation | Exhibit | Entered by Stipulation? | Objections |
|---|---|---|---|
| 1 | The Plaintiffs' Collective Action Complaint | Yes | |
| 2 | The Plaintiffs' Damages Calculations | Yes | |
| 3 | The Plaintiffs' Ex Parte Mediation Statement | | |

Plaintiffs' Exhibits to be offered only on rebuttal or for impeachment purposes:

| Designation | Exhibit | Entered by Stipulation? | Objections |
|---|---|---|---|
| 1 | The Defendants' Record Disclosures bate stamped nos.1 – 116. | Yes | |
| 2 | EBT Deposition Transcript of John Evangelista dated October 20, 2020 | | Requested review pursuant to FRCP 30(e)(1) not provided |
| 3 | EBT Exhibits for Deposition of John Evangelista dated October 20, 2020 | Yes | |

Defendants' Proposed Exhibits

| Designation | Exhibit | Entered by Stipulation? | Objections |
|---|---|---|---|
| A | ADP Payroll Summary Sheets - Maldonado | Yes | |
| B | ADP Earnings Statements – Maldonado | Yes | |
| C | Weekly Pay Summaries | Yes | |
| D | NYLL 195.1 Statement - Maldonado | Yes | |
| E | Pay Acknowledgment Forms - Maldonado | Yes | |
| F | Defendants' Damages Calculations | Yes | |

---

[1] Note: that the parties shall furnish to chambers at the time of filing the Pretrial Order two courtesy copies of pre-marked exhibits with tabs reflecting each exhibit's corresponding number or letter.

| | | | |
|---|---|---|---|
| **G** | Deposition Transcript – Maldonado | Yes | |
| **H** | Deposition Transcript – Velasquez | Yes | |
| **I** | Deposition Transcript - Mejia | Yes | |
| **J** | Employee Notice (re: breaks, vacation, etc.) | | Needs to be established that this notice was present at the time of Plaintiffs' employment |
| **K** | Certificate of Formation of Parmagianni Ent. LLC | | Needs to be certified copy |
| | | | |
| | | | |
| | | | |

Defendants' Exhibits to be offered only on rebuttal or for impeachment purposes:

| **Designation** | **Exhibit** | **Entered by Stipulation?** | **Objections** |
|---|---|---|---|
| **A** | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## 13. Anticipated Motions in limine.

Plaintiffs

 None.

Defendants

 None.

9

14. <u>Joint request to charge.</u>[2]

*See* attached Exhibit 2 – Proposed Jury Instructions.

Dated:  New York, NY
        July 19, 2021

By:    /s/
       Roman Avshalumov, Esq.
       James O'Donnell, Esq.
       Helen F. Dalton & Associates, P.C.
       *Attorneys for Plaintiffs*
       80-02 Kew Gardens Road, Suite 601
       Kew Gardens, New York 11415

By:    /s/
       Laurence I. Cohen, Esq.
       Tuch & Cohen LLP
       *Attorneys for Defendants*
       1025 Old Country Road, Suite 411
       Westbury, New York 11710

**SO ORDERED:**

_____
U.S.D.J.

---

[2] Proposed jury instructions for each claim, including citations to model instructions or relevant case law. In preparing the joint request, the parties shall confer in good faith and attempt to resolve any disagreements. If parties are unable to resolve a disagreement over proposed jury instructions, they must submit a single redlined instruction with one party's edits to the other party's proposed language. Each party must also submit a memorandum of law explaining why their version is correct and their adversary's version is incorrect. In addition to filing these documents via ECF as part of the Pretrial Order, the parties must submit an electronic version of the redlined instruction to the court in .doc or .docx format through an email address that the court will provide upon request.